## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

KELLY M. WICZOREK,                                    Case No. 12-13503
                                                      Bankruptcy Case No. 10-69643

        Debtor.

_____/

KRISPEN S. CARROLL,

        Appellant,

v.

GOLDSTEIN BERSHAD & FRIED,

        Appellee.

_____/

### OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S DECISION TO AWARD APPELLEE $450 IN FEES FOR DEFENDING A FEE APPLICATION

Appellant Krispen S. Carroll, the Chapter 13 Trustee, appeals the bankruptcy court's decision to award Appellee Goldstein Bershad & Fried, counsel for debtor, $450 in fees for defending a fee application. The bankruptcy court held that an attorney may be compensated for successfully defending a fee application if the requested fees are reasonable under 11 U.S.C. § 330(a). For the following reasons, the court will affirm the bankruptcy court's decision.

## I. BACKGROUND

Debtor Kelly Wiczorek filed for Chapter 13 bankruptcy on September 24, 2010. The bankruptcy court confirmed the plan on April 22, 2011, and stated the attorneys must file a fee application to receive their fees. Debtor's counsel (the "Applicant") filed a fee application for $8,140.11 to which the Trustee objected for "overall excessiveness."

The Applicant spent thirty-two and one-half hours preparing the case for confirmation which the Trustee argued was unwarranted because the case did not present complex issues.  The Trustee asked the bankruptcy court to determine the reasonableness of the fee pursuant to 11 U.S.C. § 330.  The bankruptcy court scheduled a hearing for June 28, 2011.

The Applicant contacted the Trustee's office on May 31, June 10, and June 23, offering to reduce the fee application by $300 in an effort to resolve the objection.  The Trustee did not agree to this initial offer.  However, the parties met on June 28, 2011, prior to the hearing and reached a settlement to reduce the attorney fee by $1,000.  The bankruptcy court entered an order detailing the terms of the settlement on June 29, 2011.

On May 3, 2012, the Applicant filed a second fee application which, among other things, requested $450 for the time spent defending the prior fee application from the Trustee's objection.  The Trustee objected to this second application, claiming that the Applicant should not receive any compensation for defending a fee application.

A hearing on the matter was held on June 19, 2012.  The parties and the bankruptcy court acknowledged that the Sixth Circuit has not directly addressed whether defending a fee application is compensable.  The bankruptcy court ultimately held that an attorney may be compensated for fees in successfully defending a fee application if those fees are reasonable under 11 U.S.C. § 330.  The bankruptcy court then found that $450 in fees was reasonable given the time and effort the Applicant spent defending the fee application.

2

The Trustee appeals the bankruptcy court's decision.  First, the Trustee argues that defending a fee application is not compensable because it benefits only the attorney and is neither "reasonably likely to benefit the debtor's estate" nor "necessary to the administration of the case" as required by 11. U.S.C. § 330(a)(4).  Second, the Trustee claims that the Applicant did not "successfully" defend the fee application because he agreed to a $1,000 fee reduction.

## II. DISCUSSION

The court must address two issues: (1) whether attorneys may be compensated under 11 U.S.C. § 330 for defending fee applications; and (2) whether the bankruptcy court abused its discretion in awarding the Applicant $450 for time spent defending the prior fee application.

### A. May Attorneys Be Compensated for Defending Fee Applications Under 11 U.S.C. § 330?

The bankruptcy court held that attorneys may be compensated under 11 U.S.C. § 330 for defending a fee application.  A bankruptcy court's legal conclusions are reviewed *de novo*.  *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 527 (6th Cir. 2002). While an attorney may be compensated for preparing a fee application, 11 U.S.C. § 330(a)(6), the statute is silent on whether an attorney may be compensated for defending a fee application.  As the parties acknowledged at oral argument, the Sixth Circuit has not directly addressed the issue.

The Sixth Circuit, in the context of a civil rights action, held that "a lawyer should receive a fee for preparing and successfully litigating the attorney fee case." *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986).  *Coulter* recognized that Congress, in

adopting federal statutes that award attorney fees, "intended to provide an economic incentive for the legal profession to try meritorious cases defining and enforcing statutory policies and constitutional rights in a variety of fields of legal practice." *Id.* at 148. The court listed 131 such federal statutes, including the Bankruptcy Reform Act, 11 U.S.C. § 330(a). *Id.* at 152. While *Coulter* is not dispositive, it "provides strong support for the notion that bankruptcy attorneys should not be forced to bear the costs of defending a fee application against objections." *Boyd v. Engman*, 404 B.R. 467, 483 (W.D. Mich. 2009).

Courts addressing this issue have provided compelling public policy reasons for compensating the defense of fee applications. As one court explained:

> To [not permit compensation] would allow a litigious objecting party to negotiate unwarranted reductions in a fee award simply because the attorney is faced with a no win situation: even if the attorney fights the objection and prevails, the time and resources spent on the issue often will outweigh the value of the amount in dispute. Such a scenario would undoubtedly compromise a bankruptcy attorney's ability to represent the estate, and might also deter competent attorneys from specializing in bankruptcy law. This is precisely the problem that Section 330(a) was designed to combat.

*Id.* at 483 (citing *In re Worldwide Direct Inc.*, 334 B.R. 108, 111 (D. Del. 2005); *In re Big Rivers Elec. Corp.*, 252 B.R. 670, 675-76 (W.D. Ky. 2000); H.R. No. 95-595, 95th Cong., 1st Sess. 330 (1977)). Attorneys may not be compensated for services that were not "reasonably likely to benefit the debtor's estate," 11 U.S.C. § 330(a)(4)(A)(ii)(I), and the Trustee argues that compensating the defense of a fee application benefits only the attorney. However, "there is nothing in Section 330(a) that limits the concept of 'benefit to the estate' to a dollar for dollar calculation," *Boyd*, 404 B.R. at 483 (collecting authority), and courts have found that reasonably compensating attorneys benefits the

4

estate, *Worldwide Direct*, 334 B.R. at 112 ("[I]t has been emphatically determined by the numerous courts that have addressed the issue that reasonable compensation for professionals is a benefit to the estate.").

The bankruptcy court held that the time spent defending a fee application may be compensable depending on the reasonableness of the requested fees, an analysis guided by the factors outlined in 11 U.S.C. § 330.  This court agrees.  *In re Wind N' Wave*, 509 F.3d 938, 942 (9th Cir. 2007) ("[D]ebtors' attorneys are entitled to compensation from the bankruptcy estate for fee award preparation and litigation, notwithstanding statutory silence on the subject."); *Boyd*, 404 B.R. at 483 ("Preparing and defending fee applications is part and parcel with the attorney's role in the administration of the bankruptcy process and is therefore compensable under 11 U.S.C. § 330(a).").

### B. Did the Bankruptcy Court Abuse its Discretion in Awarding the Applicant $450 for Defending a Fee Application?

The Applicant requested $450 for defending the prior fee application.  The bankruptcy court found that $450 was reasonable given the time and effort expended by the Applicant in defending the fee application.  A bankruptcy court's equitable determinations are reviewed for an abuse of discretion.  *In re Eagle-Picher*, 285 F.3d at 529.  An abuse of discretion is defined as

> a definite and firm conviction that the [bankruptcy court] committed a clear error of judgment.  The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.

*Id.* (citations omitted).

Prior to the scheduled hearing on June 28, 2011, the Applicant contacted the Trustee via email and telephone on three separate dates in an unsuccessful attempt to resolve the Trustee's objections to the fee application.  The Applicant then traveled to the courthouse and met with the Trustee at a status conference prior to the hearing, which ultimately led to a settlement.  For his time and effort spent attempting to resolve the Trustee's objections, the Applicant claimed that he incurred $337.50 on June 28, 2011, and the remainder of the requested $450 prior to that date.  A reasonable person could agree that the small sum of $450 is a reasonable amount for defending the fee application given the Applicant's actions and time expended.  The bankruptcy court did not abuse its discretion in awarding $450 in fees.

The Trustee argues that the bankruptcy court should not have awarded the Applicant any fees because the Applicant voluntarily agreed to a $1,000 fee reduction and, therefore, did not "successfully" defend his fee application.  As the bankruptcy court correctly reasoned, fee applicants with a meritorious case may agree to reduce contested fees for various economic reasons.  Fee applicants that can obtain the full amount of requested fees may still agree to a reduction, for example, in order to prevent having to litigate the issue at a hearing.  It is inappropriate to infer that the Applicant agreed with the merits of the Trustee's objections and, thus, did not successfully defend the fee application simply because the Applicant settled.

**III. CONCLUSION**

Accordingly, IT IS ORDERED that the bankruptcy court's decision to award

Appellee $450 in fees for defending a fee application is AFFIRMED.

   s/Robert H. Cleland                   
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2013, by electronic and/or ordinary mail.

   s/Lisa Wagner                       
Case Manager and Deputy Clerk
(313) 234-5522